CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 12 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHANIEL BOYD,<br>Petitioner,<br><br>v.<br><br>GENE M. JOHNSON,<br>Respondent. | )<br>)  Case No. 7:05CV00403<br>)<br>) **MEMORANDUM OPINION**<br>)<br>) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Nathaniel Boyd, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Boyd challenges the validity of his convictions in the Circuit Court for the County of Charlotte for distribution of cocaine. The respondent has filed a motion to dismiss to which Boyd has responded, making the petition ripe for consideration. For the following reasons, Boyd's claims are procedurally defaulted. Therefore, I will grant the respondent's motion to dismiss.

## BACKGROUND

On January 14, 2003, Boyd pled guilty to six counts of distribution of cocaine. On March 19, 2003, Boyd was sentenced to a total term of imprisonment of sixty years, with fifty-five years suspended. Boyd did not directly appeal his convictions or sentence.

On November 24, 2004, Boyd filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Boyd raised the following claims:

1. "Entrapment by police";
2. "Sentence exceeds maximum guidelines";
3. "Illegal search and seizure of property";
4. "Illegal warrant"; and

5. "Decision to plead guilty of charges was voluntarily made but not intelligently made because of ineffective assistance of trial counsel." The petitioner asserted that his trial counsel told him that the police had been out to get him, that he was going to prison for a long time, and that he needed to take the deal.

The Supreme Court dismissed Boyd's petition on January 25, 2005. The Supreme Court ruled that Boyd's claims were procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (Va. 1974).

Boyd has now filed this petition under § 2254, in which he asserts the following claims:

1. "Entrapment by police";

2. "Sentence exceeds sentencing guidelines";

3a. "Decision to plead guilty voluntarily made but not intelligently made," because it was based on a statement by the petitioner's counsel. According to the petitioner, his attorney told him that he was a black man, who was going to be tried by a white jury, that the police were out to get him, and that he was looking at eighty to ninety years in prison;

3b. "If the area is that prejudice[d] than I was denied due process in an unbiased court and a public trial";

4. "Illegal search and seizure of property"; and

5. "Ineffective assistance of trial counsel." The petitioner asserts that if the police were truly out to get him, his counsel should have requested a change of venue. The petitioner further asserts that if his counsel's statement was not true, he was forced to make a decision on the basis of false information.

The petition is presently before the court on the respondent's motion to dismiss.

## DISCUSSION

A.  Claims 1, 2, 3a, and 4

Boyd previously raised these four claims in his state habeas petition. As previously stated, the Supreme Court of Virginia ruled that the claims were procedurally barred pursuant to

2

Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), because Boyd failed to raise the claims on direct appeal. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of habeas relief. See Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore, claims 1, 2, 3a, and 4 may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default." Fisher, 163 F.3d at 853-854. Because Boyd has not shown cause and prejudice or a miscarriage of justice, these four claims must be dismissed.

B.  Claims 3b and 5

Claims 3b and 5 also are procedurally defaulted. Boyd failed to raise these claims in his state habeas petition, and if he now attempted to raise the claims, they would be barred by Virginia Code § 8.01-654(B)(2).* As a result, the court may not review claims 3b and 5 unless Boyd demonstrates "cause for, and resulting prejudice from, the default or that he has suffered a fundamental miscarriage of justice." Fisher, 163 F.3d at 852. Since Boyd has not made either showing, claims 3b and 5 must be dismissed.

## CONCLUSION

For the reasons stated, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

---

\* Section 8.01-654(B)(2) provides that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."

3

ENTER: This 12th day of October, 2005.

／s／ Jackson L. Kiser
Senior United States District Judge

4